IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TINA EARNEST                                                                                           PLAINTIFF

v.                                           No. 4:15–CV–394-BRW-BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                DEFENDANT

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for Judge Billy Roy Wilson. Either party to this dispute may file written objections to this recommendation. Objections must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Wilson may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Tina Earnest seeks judicial review of the denial of her application for disability insurance benefits.[3] In the past, Ms. Earnest worked as a certified nursing assistant (CNA) for a hospital.[4] She stopped working after she was diagnosed with breast cancer. She claims she has been disabled since the diagnosis. She based disability on breast cancer, high blood pressure, back pain, knee pain, respiratory issues, and fatigue.[5]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ identified severe impairments: history of stage II breast cancer (without recurrence), morbid obesity, mild to moderate osteoarthritis in the left knee, and mild to moderate generalized joint pain.[6] The ALJ determined Ms. Earnest could do some light work.[7] Because a vocational expert identified available light work, the ALJ determined Ms. Earnest was not disabled and denied the application.[8]

---

[3] SSA record at p. 146 (applying on Apr. 2, 2014 and alleging disability beginning Apr. 5, 2013).

[4] *Id*. at pp. 180 & 229.

[5] *Id*. at p. 188.

[6] *Id*. at p. 21. The decision reflects a typographical error — Stage III rather than Stage II.

[7] *Id*. at p. 22.

[8] *Id*. at pp. 30-31.

After the Commissioner's Appeals Council denied a request for review,[9] the decision became a final decision for judicial review.[10] Ms. Earnest filed this case to challenge the decision.[11] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12] This recommendation explains why the court should affirm the decision.

**Ms. Earnest's allegations**. Ms. Earnest contends that the ALJ should have credited a primary-care-provider (PCP) medical statement. She argues that the Appeals Council did not properly consider new evidence. For these reasons, she maintains, substantial evidence does not support the ALJ's decision.

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Ms. Earnest could do

---

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

some light work.  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[13]  The ALJ limited stooping and bending, and excluded crouching.  For the following reasons, a reasonable mind would accept the evidence as adequate to show Ms. Earnest could work with these limitations:

> 1. **Medical evidence establishes no disabling symptoms**.  A claimant must prove disability with medical evidence; her allegations are not enough to prove she is disabled.[14]  The medical evidence shows that Ms. Earnest was diagnosed with Stage II breast cancer.[15]  A few weeks

---

[13] 20 C.F.R. § 404.1567(b).

[14] 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[15] SSA record at pp. 247-70 (diagnostic testing showing cancer in right breast).  In stage II, "The cancer is no larger than 2 cm but has spread to the lymph nodes or is larger than 2 cm but has not spread to the lymph nodes." Richard A. McCartney & Tish Davidson, Breast Cancer, 1 The Gale Encyclopedia of Med. 742, 747 (4th ed.).

later, she underwent a double mastectomy. The left breast was benign.[16] After surgery, Ms. Earnest began chemotherapy. Six months later, she was cancer free,[17] but complained about chemotherapy side effects and menopause symptoms. After chemotherapy, Ms. Earnest's surgeon removed a mass that formed in the right chest wall.[18] Ms. Earnest remained cancer free.[19]

Ms. Earnest complained about joint pain — especially, the left knee.[20] A rheumatologist ruled out connective tissue disease and attributed symptoms to chemotherapy.[21] Ms. Earnest's PCP encouraged diet management and exercise.[22] Medical experts who reviewed the medical evidence limited Ms. Earnest to light work.[23] A reasonable mind would accept the evidence as adequate to support the decision because the ALJ required light work limited to functions that would not aggravate joint pain.

2. **The ALJ properly discounted the PCP medical statement**. Ms. Earnest contends that the ALJ should have credited her PCP's report of disabling symptoms,[24] but the ALJ properly observed that the statement is internally inconsistent and inconsistent with medical evidence as a whole. "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough

---

[16] SSA record at p. 359.

[17] *Id.* at p. 361 (per oncologist, no evidence of reoccurrence).

[18] *Id.* at p. 393.

[19] *Id.* at p. 462 (no evidence of malignancy in mass removed from right chest wall).

[20] *Id.* at p. 491.

[21] *Id.* at p. 516.

[22] *Id.* at pp. 493, 499 & 527.

[23] *Id.* at pp. 73 & 84.

[24] *Id.* at pp. 509-12.

medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."[25]

The reported limitations are inconsistent with PCP treatment notes. The contemporaneous treatment note documents no negative medical findings and encourages physical exercise.[26] An earlier treatment note documents tenderness in the spine, left shoulder, and knees, but nothing supporting reported limitations.[27] Repeated recommendations for physical exercise contradict reported limitations.[28]

3. **The Appeals Council properly considered new evidence**. Ms. Earnest complains about the consideration of new evidence, but the Appeals Council properly determined that most of it falls outside the time period for which benefits were denied. "[T]o support a remand, new evidence must be 'relevant, and probative of the claimant's condition for the time period for which benefits were denied.'"[29] Only one piece of new evidence falls within the time period for which benefits were denied — a PCP treatment note.[30] The note documents a complaint of a rash and a referral to a dermatologist.

The remainder — attached to Ms. Earnest's brief — was generated after the ALJ's decision. The remainder shows that Ms. Earnest underwent breast reconstruction surgery, experienced complication in the form of an infection, had breast implants removed, was diagnosed with degenerative changes in the knees, and received knee injections for pain control. That

---

[25] *Perkins v. Astrue*, 648 F.3d 892, 897-98 (8th Cir. 2011) (citations omitted).

[26] SSA record at pp. 491-95.

[27] *Id*. at p. 498.

[28] *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) ("[A] physician's unrestricted recommendations to increase physical exercise are inconsistent with a claim of physical limitations.").

[29] *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (citation omitted).

[30] SSA record at p. 525.

evidence is not relevant to the claim because it documents a subsequent deterioration of a previously non-disabling condition and a later-acquired problem.[31]

4. **Vocational evidence supports the decision**. After determining that Ms. Earnest could do some light work, the ALJ consulted a vocational expert. When asked about past work, the vocational expert stated that Ms. Earnest could no longer work as a CNA, because that job is medium work.[32] Upon further questioning, the vocational expert identified transferrable skills and representative available work: light jobs such as a membership solicitor and sedentary jobs such as an information clerk. The availability of these jobs shows that work exists that Ms. Earnest could do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[33]

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision. To the extent Ms. Earnest relies on her work record, work history is but one factor in evaluating a credibility. The ALJ properly considered all factors and all evidence. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Ms. Earnest's request for relief (docket entry # 1) and AFFIRMING the

---

[31]*Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) ("An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition.").

[32]SSA record at pp. 59-61.

[33]42 U.S.C. § 1382c(a)(3)(B).

Commissioner's decision.

Dated this 19th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE